19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clinton A. BRAMLET, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-2215, 93-2216.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.[1]
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Clinton A. Bramlet appeals from the dismissal of his motion challenging his sentence, 28 U.S.C. Sec. 2255, for abuse of the writ. We affirm.
 
 
 2
 Bramlet was convicted of armed bank robbery and related weapons offenses. Just prior to the April 1985 trial, the court asked for information on Bramlet's competency to stand trial, and received information regarding the effects of his anti-depressive medication. After a hearing, the court made the determination that Bramlet was competent to stand trial. The trial proceeded, and Bramlet raised the defense of insanity. Bramlet was convicted. In June 1985, Bramlet pled guilty to mail fraud. In 1986, Bramlet appealed both the bank robbery and mail fraud cases, and we affirmed in United States v. Bramlet, 820 F.2d 851 (7th Cir.), cert. denied, 484 U.S. 861 (1987).
 
 
 3
 In 1988, Bramlet filed his first Sec. 2255 motion, alleging ineffective assistance of counsel for failure to make certain objections; failure to request a mistrial; failure to conduct a proper investigation; and failure to discuss pre-trial strategies with Bramlet. The district court denied the motion on the merits.
 
 
 4
 In 1990, Bramlet filed a second Sec. 2255 motion as to the bank robbery conviction. He alleged that the trial judge erred in refusing to grant a mistrial and initiate a competency hearing; the court erred in instructing the jury; and defense counsel was ineffective for various reasons. The district court dismissed the motion for abuse of the writ.
 
 
 5
 Under Rule 9(b) of the Rules Governing Sec. 2255 Motions, a "second or successive motion may be dismissed ... if new and different grounds are alleged, [and] the judge finds that failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules."
 
 
 6
 Bramlet gives no reason for failing to include the present claims in his original Sec. 2255 motion. We find nothing in the record indicating a "miscarriage of justice" has occurred. Sawyer v. Whitley, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992); McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). The district court thoroughly inquired into the issue of competency.
 
 
 7
 We find no abuse of the discretion in the district court's decision to dismiss the Sec. 2255 motion for abuse of the writ.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record